## GEORGE MITCHELL v. STATE.

No. A-6313. Opinion Filed Nov. 28, 1928.
(271 Pac. 952.)

W. M. Williams, for plaintiff in error.
Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted in the district court of Greer county on a charge of selling intoxicating liquor to a minor and sentenced to confinement in the county jail for a period of 30 days and to pay a fine of $500. Motion for new trial was filed and overruled and exceptions saved, and defendant has appealed to this court.

The evidence on behalf of the state is in substance as follows:   Thelbert McCullough and Grady Means testify they are under the age of 21 years; on the 29th day of October, 1924, they met the defendant George Mitchell near the cotton compress in the city of Mangum; defendant sold to the witnesses one quart of whisky, for which they paid him $5.

The defendant in his own behalf denied that on the 29th day of October, 1925, or any other time, he sold to the two witnesses named herein intoxicating liquor. Willie Gilland testified in behalf of defendant that he got with the defendant the morning of the 29th of October, 1924, about 9 or 10 o'clock, at Vinson, and drove with the defendant to Mangum, and that he also drove back from Mangum to Vinson with defendant; that George Mitchell did not sell any whisky to any one on that day when he came to the compress.   Red Bruce testified in behalf of the defendant that he met the witnesses Thelbert McCullough and Grady Means on the 29th day of October, 1924, in or near Mangum, where he was fixing a casing, and when they drove up they wanted to sell him some whisky; Tom Smith was with him; and that Tom Smith is now in Old Mexico.   This is in substance the testimony that was introduced in the case.

Several errors are assigned by the defendant as to why this case should be reversed, but the only assignment argued and relied upon for a reversal is:

"That the verdict of the jury and judgment of the court is contrary to the evidence and not supported by the evidence."

The defendant in his argument states that, in arguing that the verdict of the jury and judgment of the court is contrary to the evidence and not supported by the evidence, he does not intend to waive any of the other assignments of error.

The testimony in this case discloses that the defendant and the two prosecuting witnesses were about the same age at the time of the alleged transaction, and had known each other for a number of years; that the prosecuting witnesses were on their way to a barn dance near Mangum, and that before they reached the place where the barn dance was to be given, they were apprehended by an officer, and in their car was found a fruit jar with about one-half pint of whisky in it. Witnesses were arrested and taken to the city and one of their fathers sent for, and it is claimed that the two witnesses were arrested and placed under bond.

The testimony in this case in behalf of the state is positive that the defendant in this case sold the prosecuting witnesses a quart of whisky and received therefor $5; on the other hand, the testimony of the defendant and other witnesses introduced in his behalf is positive that he did not sell to the prosecuting witnesses any whisky. There is a direct conflict in the evidence as to whether or not the defendant sold the prosecuting witnesses intoxicating liquor. This question was properly submitted to the jury by the court. The jury is the sole and exclusive judge of the evidence and credibility of the witnesses, and the weight and credit to be given their testimony. While there is a clear conflict in the evidence in this case, this court will not substitute its judgment on the weight of the

evidence for that of the jury, where there is competent evidence from which a jury would reasonably conclude that the defendant was guilty of the crime. charged. The evidence in this case is sufficient to sustain the verdict. However, as the record in this case shows this to be the first offense of the defendant, we do not think the crime for which he was convicted justifies as severe a sentence as was imposed on the defendant by the jury.

In view of the facts disclosed by the record, we are of the opinion that the ends of justice will be properly met by a modification of the penalty imposed to confinement in the county jail for 30 days and a fine of $200. With this modification the judgment of the trial court is affirmed.

DOYLE, P. J., and EDWARDS, J., concur.